UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v. 25-CR-135-RJA

ADEN IBRAHIM a/k/a Beano,

Defendant.

**ORDER RE: MOTION FOR DNA DISCOVERY**

Having considered Defendant Aden Ibrahim's Motion for DNA Discovery (Dkt. No. 62) and the Government's position, as stated in the November 16, 2026, status conference, it is hereby **ORDERED** that the United States Attorney's Office and/or the Erie County Central Police Services Laboratory forthwith produce relative to any and all information they possess regarding biological testing, including DNA testing, involving Defendant Aden Ibrahim, with such information to include the following:

1. Biological testing case file, including biological screening, serological testing, presumptive testing, microscopy, and DNA testing.
2. Chain of custody and current disposition of evidence, including documentation that indicates where and how the materials were stored (temperature and type of contained), the amount of evidence material that was consumed in testing, the amount of material that remains, and where and how the remaining evidence is stored.
3. Data files: All computer data files created in the course of performing the DNA testing and analyzing the data in this case (i.e., both raw data and processed

data). These data files should include all sample files (".fsa" and/or ".hid"), project files (".ser"), matrix files, size standard files and analysis method files. In the event that a particular data file cannot be produced, provide name of said file with explanation for non-production.

4. Probabilistic genotyping output, including "results" or "analysis output" folders. These folders and files should include all timestamped folders outputted by a probabilistic genotyping system and the folders' contents, including files with the following file extensions: .xls(x), .pdf, .csv, .txt, .ini, or .html. Provide all files in their native file format (e.g. digitally on CD, DVD, or flash drive or made available for an internet file transfer).

5. Laboratory protocols, frequency tables and interpretation guidelines: Including, the standard operating protocols (SOPs), frequency tables and interpretation guidelines relied upon to perform the testing in the instant case. Interpretation guidelines should include those that address; (i) peak detection threshold(s), (ii) stochastic threshold(s), (iii) interpretation of mixed samples, (iv) declaration of inclusions, exclusions and inconclusive findings, and (v) policies for reporting results and statistics.

6. Validation summaries: Including summaries of validation studies conducted to establish peak detection (analytical) thresholds; stochastic thresholds; and interpretation of low-level or mixed samples and a validation study summary document for any probabilistic genotyping software used in this case (this refers to the validation summary only, not the entire validation study).

7. Unexpected results and corrective actions: For each laboratory that performed DNA testing in the instant case, copies of the laboratory's log of unexpected results and corrective actions. The logs should be provided for the time period beginning six months before the start of testing and ending six months after the completion of testing. Documentation should be provided for unexpected result events that arose due to mechanical, chemical and analyst operations, including; contamination, the presence of extraneous DNA, sample handling errors or any other reason. The logs should be provided for all laboratory personnel not just the analyst(s) who performed the testing in the instant case. This refers logs themselves, not just for entries within the logs that pertain to the instant case.
8. Accreditation: Copies of the following for any laboratory that performed DNA testing in the instant case:
    a. All licenses or other certificates of accreditation held by the laboratory.
    b. Quality Assurance Audit Documents bracketing the testing in the instant case, including the last external audit before the start of testing, the first external audit after the completion of testing and all audits, both external and internal, for the time period between. This information should include the audit documents and all communications between the auditing agency and the laboratory being audited. Electronic copies preferred.
9. Laboratory personnel: Background information for each person involved in conducting or reviewing the DNA testing performed in the instant case, including:
    a. Current resume and job description.
    b. A summary of proficiency test results.

10. Communications: All communications between laboratory personnel and any other party with regard to the instant case, including letters, memos, emails and records of telephone conversations (including communications with regard to any DNA profile uploaded to a local, state or national DNA database (LDIS, SDIS or NDIS)).

DATED: Buffalo, New York, November 17, 2026.

*s/Richard J. Arcara*
HON. RICHARD J. ARCARA
Senior United States District Judge